ORIGINAL

**TODD HARRISION**
**718 Heck Ave**
**Dayton, Ohio 45408**
**(937) 228-7530**

In Pro Se

RECEIVED

DEC 17 2008

JAMES BONINI, CLERK
DAYTON, OHIO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO

# 3 : 08 cv 0466

| | |
|---|---|
| **TODD HARRISON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| TransUnion, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. EQUIFAX | ) |
| INFORMATION SERVICES LLC, | ) |
| CBE Group, Inc, FINANCIAL | ) |
| RECOVERY SERVICES, ARROW | ) |
| FINANCIAL SERVICES, BUREAU OF | ) |
| COLLECTION MIDLAND CREDIT | ) |
| MANGEMENT INC, PLAZA | ) |
| ASSOCIATES, TRILEGIANT and | ) |
| | ) |
| **Does 1 though 50.** | ) |
| | ) |
| Defendants. | ) |

Case Number WALTER HERBERT RICE

MICHAEL R. MERZ

**COMPLAINT**

FOR DAMAGES, DECLARATORY,
INJUNCTIVE RELIEF; DEMAND
FOR TRIAL BY JURY

## I. INTRODUCTION

1.      This action seeks damages, monetary, declaratory and injunctive relief for violation of 15

U. S.C. §1692 et. Seq. more specifically, Fair Credit Reporting Act, The Fair Debt Collection

Practices Act and the Fair and Accurate Credit Transactions Act and related laws as set forth in

15 USC 1681(a)(3)(A) et seq.

## II. JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, 1337, and 15

U.S.C. §1601 et seq.

## III. Venue

3.   The activities alleged herein occurred within this district.  The defendant's principal

residence is located in Dayton Ohio County of Montgomery.

## IV. PARTIES

4.   Plaintiff **TODD HARRISON** is a, "Consumer," within the meaning of *15 U.S.C. §1692 a*

*(3)* and is a resident of Dayton, Ohio, herein referred to as the "debtor."

5.   CBE Group, Inc is both a recognized "Debt Collector," within the meaning of 15 U.S.C.

§1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of consumer

credit information as said in term is used in the FCRA including 15 USC §1681b with

principal address located at 131 Tower Park Dr. suite 100, Waterloo, IA 50701.

**6.   Financial Recovery Services,** is both a recognized "Debt Collector," within the meaning of

15 U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of

consumer credit information as said in term is used in the FCRA including 15 USC §1681b

with principal address located at 6300 Shingle Creek Parkway, Minneapolis, MN 55438

**7.   Arrow Financial Services,** is both a recognized "Debt Collector," within the meaning of 15

U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of

consumer credit information as said in term is used in the FCRA including 15 USC §1681b

with principal address located at 5996 W. Touchy Ave, Niles Illinois 60714.

**8.   Bureau of Collection Recovery**, is both a recognized "Debt Collector," within the meaning

of 15 U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of

consumer credit information as said in term is used in the FCRA including 15 USC §1681b

with principal address located at 7575 Corporate Way, Eden Prairie, MN 55344

**9. Midland Credit Management Inc.,** is both a recognized "Debt Collector," within the meaning of 15 U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of consumer credit information as said in term is used in the FCRA including 15 USC §1681b with principal address located at 8875 Aero Dr. Ste 2, San Diego, CA 92123.

**10. Plaza Associates** is both a recognized "Debt Collector," within the meaning of 15 U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of consumer credit information as said in term is used in the FCRA including 15 USC §1681b with principal address located at 7th Ave, Seven Penn Plaza, New York, NY 10001.

11. **Trilegiant** is both a recognized "Debt Collector," within the meaning of 15 U.S.C. §1692a (6), and a "Person," as defined by 15 USC § 1681 a(b) and a. "User of consumer credit information as said in term is used in the FCRA including 15 USC §1681b with principal address located at 100 Connecticut Ave, Norwalk CT 06850-3541

**12.** Defendant Equifax, a.k.a. **EQUIFAX INFORMATION SERVICES, LLC** is a consumer reporting agency that compiles and maintains files on consumer on a nationwide basis, as defined in 15 USC §1681 a(f) and (p). Experian America's principal office in the Midwest is located in at **1550 Peachtree St. NE, Atlanta, GA 30309.**

**13.** Defendant Experian information Solutions, Inc. is a consumer reporting agency that compiles and maintains files on consumer on a nationwide basis, as defined in 15 USC §1681 a(f) and (p). Experian's principal office in the Midwest is located in at **955 American Lane Schaumburg, IL 60173-4998**

**14.** Defendant **TRANSUNION, LLC**, is a consumer reporting agency that compiles and maintains files on consumer on a nationwide basis, as defined in 15 USC §1681 a(f) and (p).

TRANSUNION, LLC America's principal office in the Midwest is located in at **555 W. Adams Street, Chicago, Illinois 60661.**

**15.** Plaintiff is unaware of the identities of the Doe Defendants at the time of filing.

**16.** Defendants are responsible in some manner for damages claimed herein.

## V. FACTS

### A. Introduction

17. The Defendants entered into a subscriber agreement which Experian, Equifax, and Transuntion agree to provide consumer reports to CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT for certain permissible and lawful purposes as described under the FCRA and set forth in the agreement.

18. On or about 11/07, 8/07, and 6/07, Flanigan & Associates hereinafter referred to as, "Flanigan," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Flanigan Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Flanigan request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

19. On or about 3/28/08 CBE Group Inc, requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. CBE Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore CBE's request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

20. On or about 2/23/08 Financial Recovery Services, hereinafter referred to as, "Financial," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and

Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Financial Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Financial's request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

21. On our about 12/28/07 9/2008, and 3/2008, Arrow Financial Services, hereinafter referred to as, "Arrow," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Arrow Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Arrow request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

22. On our about 1/22/07, 1/16/07, Bureau of Collection, hereinafter referred to as, "Bureau," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Bureau Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Bureau request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

23. On or about 11/2008, Midland Credit Management Inc. hereinafter referred to as, "Midland," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Midland Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Midland request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

24. On or about 11/07 Plaza Associates, hereinafter referred to as, "Plaza," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Plaza Did not have a lawful

purpose for requesting, obtaining and using plaintiff's consumer report, therefore Plaza request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

25. On or about Trilegiant, hereinafter referred to as, "Trilegiant," requested, obtained and used Plaintiff's consumer report from Experian, Equifax, and Transunion (by computer or otherwise) plaintiff's consumer report to the co-defendants. Trilergiant Did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report, therefore Trilergiant request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

26. On information and belief, plaintiff alleges that various individuals whose names and capacities are presently unknown to plaintiff, requested obtained and used plaintiff's consumer report on or about 3/28/08 while acting within the scope of their business relationship with the co-defendants. Said individuals did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from the credit repositories, therefore their request, receipt and use of plaintiff's consumer report was in violation of the FCRA. Plaintiff will seek leave to amend this complaint to add said individuals as defendants as soon as their identities have been obtained.

## B. INJURIES

27. As a consequence of Defendant's acts as set forth above, the Plaintiff has suffered financial injury, defamation, physical and emotional distress and physical injury including but not limited to headaches, stomach aches, sleep loss, violation of his rights pursuant to the Act, a loss of significant housing opportunity, paying higher interest rates, and loss of the opportunity to obtain reliable transportation. Including actual damages in the amount to be determined according to proof.

28. In doing the acts for which Plaintiff complains, Defendant acted with oppression, fraud, and malice and with wanton and conscious disregard of the Plaintiff's rights. Plaintiff is this entitled to recover punitive damages from Defendant in the amount according to proof.

29. There exists an actual controversy between the parties regarding defendant's duties under applicable Consumer Protection Act particularly the application of FACTA. Accordingly plaintiff is entitled to declaratory relief.

30. Unless enjoined, defendant will continue to engage in unlawful acts and the pattern or practice of unlawful debt collection that violate consumer privacy will continue.

## VI CLAIMS

### A. First Claim

31. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30 of the complaint herein.

32. Defendants **CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT** each of them negligently violated the FCRA by obtaining a consumer report on the plaintiff without having a permissible purpose within the meaning of 15 USC §1681b.

33. The Defendants **CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT** each of them willfully violated the FCRA by obtaining a consumer report on the plaintiff without having a permissible purpose within the meaning of 15 USC §1681b.

34. The Defendants, **CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT** Knowingly and willfully violated the FCRA by obtaining a consumer report on the plaintiff without having a permissible purpose within the meaning of 15 USC §1681 (n) and (q).

35. As a result of these violations by the Defendants, **CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT**, plaintiff suffered actual damages. The damages he suffered included but not limited to denials of credit, increased costs of credit, lost opportunities to obtain credit and lost opportunities to obtain credit at a lower rate, damaged his reputation and emotional distress for which seeks damages in the amount to be determined. Additionally, Plaintiff seeks statutory damages for said defendants willful violation of the FCRA pursuant to 15 USC §1681 n(a)(1)(A) and 416812 n(a)(1)(B).

36. Plaintiff intends and is actively seeking to retain legal counsel. The Plaintiff requests his attorney's fees pursuant to 15 USC§ 1681(n)(c) and 1681n(A)(2).

### B. SECOND CLAIM

37. Plaintiff realleges and incorporates by reference Paragraphs 1 thought 36 of the complaint herein.

38. Defendant Experian, Equifax, and Transunion Negligently and willfully furnished a consumer report on the Plaintiff to Defendants **CBE Group, Inc, FINANCIAL RECOVERY SERVICES, ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT and it's agents and employees whom it should have know did not have a permissible purpose within the scope of 15 USC § 1681 (b) and thus violated the FCRA.**

39. As a direct and proximate result of defendant's conduct, plaintiff has suffered damage to my financial well-being including but not limited to , plaintiff suffered actual damages. The damages he suffered included but not limited to denials of credit, increased costs of credit, lost opportunities to obtain credit and lost opportunities to obtain credit at a lower rate, damaged his reputation and emotional distress for whish he seeks damages in the amount to

1  be determined. Additionally, Plaintiff seeks statutory damages for said defendants willful

2  violation of the FCRA pursuant to 15 USC § 1681 n(a)(2) damages according to proof.

3  Additionally, plaintiff seeks punitive damages, 15 USC §1681 n(c) and 1681o(b)

4

5  WHEREFORE, plaintiff prays for judgment against the defendant(s) as follows:

6  **First Claim for Relief** (against CBE Group, Inc, FINANCIAL RECOVERY SERVICES,

7  ARROW FINANCIAL SERVICES, BUREAU OF COLLECTION, MIDLAND CREDIT

8  MANGEMENT INC, PLAZA ASSOCIATES, TRILEGIANT).

9          1.    For an award of compensatory damages according to proof;

10          2.    For punitive damages according to proof;

11          3.    For an award up to three times the amount of actual damages to Plaintiff

12              pursuant to Civil Code § 3345

13          4.    For cost of suit, including reasonable attorney's fees, and

14          5.    For all such other relief as the Court deem just fit and proper.

15  Second Claim for Relief (against, Experian, Equifax, and Transunion)

16          1.  For an award of compensatory damages according to proof;

17          2.  For punitive damages according to proof;

18          3.  For an award up to three times the amount of actual damages to Plaintiff

19              pursuant to Civil Code § 3345

20          4.  For cost of suit, including reasonable attorney's fees, and

21          5.  For all such other relief as the Court deem just fit and proper.

22

23  Dated this the 16th day of December 2008.

24                             **TODD HARRISON**

25

                           By TODD HARRISON
                           In Pro Se

## VI. JURY DEMAND

Pursuant to rule 38 of the Federal Rules of Civil Procedures, plaintiff hereby requests a jury trial.

Dated this the 16th day of December 2008

**TODD HARRISON**

By TODD HARRISION
In Pro Se

## VERIFICATION

I have read the foregoing **COMPLAINT FOR DAMAGES** and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters, which I stated, on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Dated this the 12th day of December 2008.

**TODD HARRISON**

By TODD HARRISON
In Pro Per