# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD HARRISON,

      Plaintiff,           :         Case No. 3:08-cv-466

                                    District Judge Walter Herbert Rice
    -vs-                            Magistrate Judge Michael R. Merz

                              :

TRANSUNION, LLC, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS ON DEFENDANT TRILEGIANT'S MOTION TO DISMISS

      This case is before the Court on Defendant Trilegiant Corporation's Motion to Dismiss (Doc. No. 17).

      The Motion was filed on April 20, 2009 and Plaintiff, who is proceeding *pro se*, was notified the next day of his obligation to respond by May 14, 2009 (Doc. No. 28). On that day he sought and received an extension of time to and including June 1, 2009, to file his response (Doc. No. 39 and notation order granting). Without seeking or obtaining a further extension, Plaintiff filed his Response on June 8, 2009. Although Trilegiant consented to that much time (Doc. No. 40), that was not what Plaintiff sought or the Court granted. Plaintiff is cautioned that the limits of any extension are governed by the court order and not by what may be acceptable to opposing counsel. Plaintiff should also note S. D. Ohio Civ. R. 7.3 (available on the Court's website) which requires discussing any extensions with opposing counsel before filing with the Court.

      The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if

1

everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

As required by 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed this case when it was filed and prior to issuance of process. He reached the conclusion, applying the *Bell Atlantic* standard, that the Complaint did not state a claim against the Defendants, including Trilegiant, because it pled only legal conclusions and not sufficient facts (Report and Recommendations, Doc. No. 3; Supplemental Report and Recommendations, Doc. No. 7). However, having considered Plaintiff's Objections, District Judge Rice rejected both Reports and Recommendations, found the Complaint sufficient under *Bell Atlantic*, and ordered process issued (Doc. No. 10).

Under the doctrine of law of the case, findings made at one point in the litigation become the

law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), citing 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 643, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).

Given that Judge Rice has already decided that the Complaint states a claim for relief against Trilegiant, the Motion to Dismiss must be denied.

June 11, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).