# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD HARRISON,

  Plaintiff,        :   Case No. 3:08-CV-466

                 District Judge Walter Herbert Rice
 -vs-              Magistrate Judge Michael R. Merz
                :
TRANSUNION, LLC, et al.,

  Defendants.

## REPORT AND RECOMMENDATIONS

In this action, Plaintiff Todd Harrison, who is proceeding *pro se*, sued ten corporate Defendants (along with fifty pseudonymous Defendants). The Magistrate Judge summarized the claims in the initial Report and Recommendations under 28 U.S.C. § 1915:

> Plaintiff here has filed suit against Transunion, Experian, and Equifax, three firms which collect credit information on individuals and then distribute it to subscribers. He has also sued a number of those subscribers: CBE Group, Financial Recovery Services, Arrow Financial Services, Bureau of Collection, Midland Credit Management, Plaza associates, and Trilegiant, along with a number of John Does. He alleges the subscriber defendants obtained his credit report but "did not have a lawful purpose for requesting, obtaining and using" it (Complaint, doc. No. 1, at ¶¶ 19, 20, 21, 22, 23, 24, 251.) His First Claim merely repeats that these firms did not have a lawful purpose in obtaining his credit report; his Second Claim is that Experian, Equifax, and Transunion should have known the subscriber Defendants did not have a lawful purpose.

(R&R, Doc. No. 3, at 2.)

The Magistrate Judge concluded the Complaint did not meet the pleading standards of Fed. R. Civ. P. 8 and recommended that the Complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted. *(Id*. and Supplemental Report and Recommendations,

Doc. No. 7.) The District Court disagreed:

> Having reviewed the Plaintiff's Complaint, and having in mind the fact that he is a pro se litigant (albeit apparently one highly intelligent and informed), it is the opinion of this Court that his pro se Complaint complies both with the notice requirements of Fed. R. Civ. P. 8(a) and the "somewhat" heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). In short, Plaintiff does more than set forth a Statement of Facts that creates a suspicion of a legally cognizable right of action. Rather, he has clearly stated that the action of the Defendants, in "trafficking" with his credit report, given that no lawful reason existed for same, and, further, that same was done without his knowledge or consent, was in violation of the governing law, to wit: the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq, Fair Debt Collections Act and Fair and Accurate Transactions Act.

(Decision and Entry, Doc. No. 10, at 2.) Thereupon process was issued (Doc. No. 11) and served (Doc. No. 13) on all named Defendants. All have answered except Arrow Financial Services (Doc. Nos. 15, 18, 24, 26, 29, 31, 38). The Magistrate Judge thereupon set a pretrial conference under Fed. R. Civ. P. 16, which advises all parties of their duties to meet and confer under Fed. R. Civ. P. 26 (Doc. No. 41). Defendants were unable to contact Plaintiff despite multiple attempts and he made no response to their draft Fed. R. Civ. P. 26(f) Report (Doc. No. 48). The Magistrate Judge thereupon cancelled the Rule 16 conference, ordered Defendants to advise the Court whether Plaintiff had made the required disclosures under Fed. R. Civ. P. 26(a)(1)(a deadline for which had been set in the Order for the scheduling conference), ordered the Plaintiff to advise the Court of any objections he had to the proposed schedule, and further ordered him to show cause why he should not be sanctioned for failure to comply with the Order for Preliminary Pretrial Conference. (Doc. No. 49) The Order concluded "Plaintiff is expressly cautioned that any further failure to comply with procedural orders of the Court will result in a recommendation that this case be dismissed." *Id*.

In response to this Order, the Defendants advised the Court that as of June 29, 2009, none of them had received any Fed. R. Civ. P. 26(a)(1) disclosures (Doc. No. 50). Plaintiff responded on

July 8, 2009, that he had been sick with the flu and sequelae of a gunshot wound, had an unrelated court matter in Miami County, was taking computer classes with Gem City Leadership and job seeking classes with Power Net, had to use the computer at Dayton Metro Library to prepare responses, his house has been foreclosed, his brother recklessly doesn't tell him when the defense lawyers call, and he is going to Eastway to be examined for "weight loss, depression, stress, and other symptoms related to this case. . . ." (Doc. No. 52). He concludes with a request that he not be sanctioned but makes no objections to the schedule proposed by Defendants. *Id*.

Since Plaintiff had made no objections to the schedule proposed by Defendants, the Magistrate Judge adopted it on July 9, 2009 (Scheduling Order, Doc. No. 56). The Order set a deadline of August 1, 2009, for Plaintiff to make a settlement demand and the required disclosures under Fed. R. Civ. P. 26(a)(1). *Id*. at 2. In response to Plaintiff's observations on the resources of his opponents, the Court noted "The Court is not empowered to level the playing field by excusing Plaintiff from complying with the rules which apply to everyone who files suit in federal court, whether they are proceeding *pro se* or they have a lawyer." *Id*. at 5. Plaintiff was again counseled about his obligation to comply with the Court's orders: "Plaintiff is again expressly cautioned that any further failure to comply with procedural orders of the Court will result in a recommendation that this case be dismissed."

On August 12, 2009, defense counsel collectively advised the Court that Plaintiff had made no disclosures under Fed. R. Civ. P. 26(a)(1) to any of them as of August 6, 2009, nor had he made a settlement demand. (Doc. No. 58). It has thus been two months since the initial deadline for Rule 26(a)(1) disclosures and Plaintiff has made none, despite two court orders reminding him of his obligation to do so. During that time, Plaintiff has found the time to settle with one Defendant (Doc. No. 53) and move to amend to add another Defendant (Doc. No. 57).

Fed. R. Civ. P. 26(a)(1) is very straightforward. It requires a party to disclose the identity

3

of witnesses, to produce copies of documents which support its claims, and to provide a calculation of damages. A settlement demand is even simpler to make. If a party lacks money to make copies of documents, the Rule allows the disclosing party merely to describe them and their location. There is no requirement for a *pro se* party to file anything by using a computer and in fact *pro se* litigants who are imprisoned routinely file long documents in this Court which are handwritten. Particularly in a case such as this where the Complaint gives little in the way of concrete facts, Rule 26(a)(1) disclosures are important to tell the Defendants what it is that each of them did that Plaintiff is complaining about.

It is accordingly respectfully recommended that the Complaint herein be dismissed without prejudice for failure to make disclosures under Fed. R. Civ. P. 26(a)(1) and failure to make a settlement demand.

August 15, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).