# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD HARRISON,

      Plaintiff,               :         Case No. 3:08-CV-466

                                    District Judge Walter Herbert Rice
   -vs-                            Magistrate Judge Michael R. Merz

                              :

TRANSUNION, LLC, et al.,

      Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This Fair Credit Reporting Act case is before the Court on Plaintiff Todd Harrison's Objections (Doc. No. 70) to the Magistrate Judge's Report and Recommendations (Doc. No. 60) recommending that this case be dismissed without prejudice because Plaintiff failed to comply with the Court's Scheduling Order requiring that he make a settlement demand and disclosures under Fed. R. Civ. P. 26(a)(1) by August 1, 2009. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

As a matter of background, Plaintiff had failed to discuss scheduling with Defendants, but made no objections (despite a specific request to consider any problems) to the schedule they proposed, which was adopted (Doc. No. 56). That Order specifically required Plaintiff to make the required Rule 26(a)(1) disclosures and settlement demand by August 1. On August 12, 2009, counsel for Defendant Experian advised the Court and Plaintiff that no Defendant had received any initial disclosures or settlement demand from Plaintiff (Letter, Doc. No. 58). The Magistrate Judge thereupon recommended dismissal for noncompliance, Plaintiff having been warned several times

1

before that violation of procedural orders would result in such a recommendation.

In his Objections, Plaintiff asserts he did meet the deadline. As proof, he states:

> 3. The plaintiff always has hand delivered his filing's [sic] because these filing would show and prove that said documents were filed and they have the power to be reviewed by all 10 lawyers.
>
> 5. The plaintiff sent forth the disclosure which should be on the docket filed July 31, 2009, & along with the settlement demand. The Plaintiff have documents missed placed, but managed to maintain with other counsel's of records.
>
> 6. Your Honorable Justice Walter R. [sic] Rice, hereinafter Memorandum in support with Exhibit "A-1 & A-2", Settlement demand and Initial disclosures were prepared and served."
>
> 30. Plaintiff submitted his disclosures on July 31, 2009.

(Objections, Doc. No. 70, at 1-2, 7.) Attached to the Objections as Exhibit A-1 is a four-page document captioned "Plaintiff's Rule 26(a)(1) Settlement Demand." At page four it bears a Certificate of Service, signed by Plaintiff, which states "I hereby certify that the foregoing was either electronically filed, mailed by regular mail Postal service, and or hand delivered on this 31st, day of July, 2009." Exhibit A-2 to the Objections contains an identical Certificate of Service.

Plaintiff's claim that his settlement demand and initial disclosures were filed on July 31, 2009, is untrue. No such documents appear on the docket or in the electronic files. A search by the Clerk disclosed no such documents among the *pro se* paper filings received by the Clerk.

Plaintiff's claim that he either mailed or hand-delivered his settlement demand to Defendants' counsel on July 31 is incredible. All Defendants' counsel assert they have received no such documents. Plaintiff offers no copies of returned mail envelopes. Hand delivery would have required Plaintiff to travel to Columbus, Cleveland, and Cincinnati, Ohio; Atlanta, Georgia; Indianapolis, Indiana; and numerous places in the Dayton, Ohio, vicinity.

The Magistrate Judge concludes Plaintiff has attempted to prove he provided these

documents on time by creating and filing deliberately falsified documents. Plaintiff is cautioned that this conduct constitutes contempt of court and is also sanctionable under Fed. R. Civ. P. 11.

Because Plaintiff has not proven he complied with the Scheduling Order and because he created false documents attempting to prove he had complied, it is again respectfully recommended that the Complaint herein be dismissed without prejudice.

September 4, 2009.

                     s/ **Michael R. Merz**
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).